# CASES

IN THE :

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1891.

## JAMES B. TURNER AND CHARLES W. TURNER
### v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Practice—Misnomer—Criminal Law—Indictment.*

1. The plea of not guilty does not allow a defendant in a criminal case to prove matters merely in abatement.

2. In criminal cases the indictment must state the Christian names of persons proceeded against, if known, and if not known that fact should be averred.

3. In the case presented this court holds as erroneous the striking from the files of defendants' plea of misnomer, they being entitled to have an issue formed and tried on such plea.

[Opinion filed September 11, 1891.]

APPEAL from the County Court of Franklin County; the Hon. W. J. N. MOYER, Judge, presiding.

Mr. J. B. TURNER, for appellants.

Appellants appeared in person and by counsel and filed their plea in abatement in proper form and duly verified. No

(17)

issue was taken upon said plea, but the State's attorney improperly moved the court to strike it from the files, which was a manifest error. Amann v. The People, 76 Ill. 188; Hankins v. The People, 106 Ill. 628.

The act conferring jurisdiction on County Courts does not change the strict rule for certainty as applicable to indictments. The information simply takes the place of, and is subject to the same rules of attack, pleading and defense applicable to indictments. Therefore the court erred in not requiring appellee to take issue on the plea of abatement, it being a proper plea in the case. Gould v. The People, 89 Ill. 216; Parris et al. v. The People, 76 Ill. 276; Avery v. The People, 11 Ill. App. 332.

It is a well settled rule of criminal law that the plea of misnomer should be admitted or answered by the people's attorney. Therefore the court erred in striking the plea from the files.

The court erred in overruling the motion for new trial because the verdict was contrary to law, defendants having been tried contrary to law, their plea having been unlawfully stricken from the files.

The court erred in overruling the motion to arrest the judgment, because this motion opened the entire record, and gave the court an opportunity of correcting any errors made. The court suggested at the time that he was not fully advised of the propriety and effects of the motion, and thought the best policy was to overrule it. Jones v. The People, 53 Ill. 366; Gardner v. The People, 3 Scam. 84.

Messrs. T. M. Mooneyham, State's Attorney, and W. S. Cantrell, for appellees.

Sample, J. An information was filed against the appellants under the names of J. B. Turner Jr., and C. W. Turner. They filed a plea of misnomer in abatement, in proper form, averring that they were baptized in the name of Charles W. Turner and James B. Turner, and since that time have hitherto been so called and known. The court, on motion of the State's

attorney, struck the plea from the files, to which appellants excepted. The case proceeded to trial and appellants were convicted. The motion for a new trial was overruled and judgment for a fine entered, from which this appeal is prosecuted. The only error discussed is the action of the court in striking the plea of misnomer from the files. This action of the court was error.

The appellants were entitled to have an issue formed and tried on their plea. Amann v. People, 76 Ill. 188. The plea of not guilty does not allow a defendant in a criminal case to prove matters merely in abatement. Hawkins v. People, 106 Ill. 628. It is well settled that in criminal proceedings the indictment must state the Christian names, if known, and if not known that fact should be averred. Willis v. People, 1 Scam. 399; 1 Chitty Cr. L. p. 447. For the reasons stated we are constrained to reverse and remand this cause.

*Reversed and remanded.*